# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAMPBELL,<br><br>　　　　Defendant. | Case No. 1:25-cv-01767-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PRESERVE EVIDENCE AND FOR LIMITED EARLY DISCOVERY (EMERGENCY INJUNCTIVE RELIEF)<br><br>(ECF No. 3)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Rafael Salas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is pending due to Plaintiff's failure to include a certified prison trust account statement, (ECF No. 2), and the complaint has not yet been screened.

Currently before the Court is Plaintiff's "Motion to Preserve Evidence and for Limited Early Discovery (Emergency Injunctive Relief)," filed December 8, 2025. (ECF No. 3.) Plaintiff moves the Court for an order directing Defendants to preserve relevant evidence and to permit limited early discovery of documents and electronically stored information directly related to the events described in the complaint, before such evidence is lost or destroyed. (*Id.*)

**II.     Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

1  who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

2       As noted above, Plaintiff's application to proceed *in forma pauperis* is not yet complete,
3  and the complaint has not yet been screened.  As such, this action does not yet proceed on any
4  cognizable claims, no defendant has been ordered served, and no defendant has yet made an
5  appearance.  Thus, any motion for discovery is premature, and the Court at this time lacks
6  personal jurisdiction over any defendant or any other prison staff at any CDCR institution.

### III.     Order and Recommendation

     Accordingly, the Court HEREBY ORDERS that the Clerk of the Court randomly assign a District Judge to this action.

     Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for emergency injunctive relief, (ECF No. 3), be denied.

     These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:  **December 9, 2025**                    /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE