# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL SALAS, | Case No. 1:25-cv-01767-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CAMPBELL, *et al.,* | (ECF No. 15) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Rafael Salas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On May 7, 2026, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 14.)  Plaintiff's first amended complaint, filed May 26, 2026, is currently before the Court for screening.  (ECF No. 15.)

## I.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed in Pleasant Valley State Prison in Coalinga, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP").  Plaintiff names Correctional Officer D. Campbell, assigned to the Institutional Gang Investigations ("IGI') or Investigative Services Unit ("ISU") at KVSP, as the sole defendant.

Officer Campbell's duties included identifying and validating inmates as members, associates, or suspects of a security threat group ("STG"), gathering and analyzing intelligence related to gang activities, conducting debriefings of inmates, and collaborating with other agencies and units.  His responsibilities included contraband control, STG monitoring, evidence collection, and crime scene management, among other duties.

On or around June 24, 2024, Plaintiff filed a Habeas Corpus petition, Case No. E084126, in which he sought to overturn a guilty finding for battery on a prisoner, a 3 on 1 fight.  On August 28, 2024, the state court ordered CDCR to provide an informal response to the petition.

On September 4, 2024, at around 1000 hours, while housed in KVSP B facility, Unit 3, Cell #122, Plaintiff was confronted by a group of around four officers led by Defendant Campbell.  Plaintiff was ordered out of his cell and placed inside a shower cell.  Plaintiff asked

2

Campbell for the cause of the actions. Campbell replied that Plaintiff was being validated. Plaintiff asked based on what evidence, and Campbell claimed it was due to Plaintiff's tattoos. Plaintiff knew Campbell was not being truthful because the tattoos are old and tattoos alone are insufficient evidence to validate a prisoner. Plaintiff responded that the tattoos were old and asked what other evidence was being used. Campbell replied it was "a 3 on 1 fight" but refused to provide further details. Plaintiff alleges the reference to the 3 on 1 fight was in reference to his legal action being argued in state court and Campbell cannot deny he was aware of Plaintiff's habeas filing prior to the September 4, 2024 event.

During the September 4, 2024 event, Campbell falsely claimed Plaintiff was being validated, photographed Plaintiff's semi-nude body, and conducted a punitive cell search. No contraband was found, nothing was taken, and Plaintiff was allowed to return to his cell. Campbell did not provide a cell search receipt or a validation notice/packet. Campbell took this action less than a week after the state court ordered CDCR to provide an informal response.

The threat of validation or the assertion that a person is being validated carries serious weight and long-lasting consequences, such as loss of privileges, placement in restrictive housing unit, restriction from rehabilitative programs, heightened security classifications, adverse impact on parole eligibility, and stigmatization among staff. Campbell falsely claiming Plaintiff was being validated could reasonably be expected to chill future speech. Plaintiff claims he was reasonably in distress that because of his pursuit for legal relief in state court, that validation would be the consequence and subject him to unwarranted harsh and unjustified conditions of confinement, severely impacting his future prospects and taking a mental toll.

Plaintiff was never validated. He alleges the actions taken by Campbell and company were retaliatory, and the fact he was not actually validated serves as proof Campbell went out of his way to conduct a punitive cell search, false validation investigation, and unnecessary photographing of Plaintiff's semi-nude body. Plaintiff alleges such actions were done in furtherance to retaliate against him. He also alleges there is no question Campbell's retaliatory conduct did not advance any legitimate penological interest or correctional goal.

In his 17 years of incarceration, Plaintiff has never been charged and found guilty of any

3

activity or offense with a nexus to STG.  Even with the 3 on 1 fight referenced in the habeas petition, the senior hearing officer determined that the incident had no nexus to STG activity.  At a rehearing on the 3 on 1 fight on November 15, 2024, Lt. C. Gutierrez found Plaintiff not guilty citing evidence that Plaintiff lacked the opportunity to assault the alleged victim, the time card evidence showed Plaintiff was at work during the incident, and the reporting officer, Sergeant Montgomery, confirmed the alleged victim was on 22 hour lockdown status which made access to the victim impossible.

Plaintiff alleges a claim for retaliation in violation of the First Amendment.  Plaintiff seeks compensatory and punitive damages and injunctive relief.

### III.    Discussion

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's amended complaint fails to state a cognizable retaliation claim.  Plaintiff appears to suggest that he was threatened with validation as a gang member, his cell searched, and he was photographed because he filed a habeas petition challenging his guilty finding for battery on a prisoner.  However, as with his original complaint, Plaintiff's amended complaint does not include allegations demonstrating that Defendant Campbell knew of the appeal and took an adverse action against Plaintiff because of the appeal.  Plaintiff's conclusory allegations are insufficient.  There are no facts alleged that Defendant Campbell knew of the habeas petition or that the state court ordered CDCR to provide a response to the petition.  Plaintiff's supposition

4

that Defendant Campbell knew of the habeas petition because of a reference to the 3 on 1 fight is not sufficient.  Plaintiff's legal conclusions and statements are not sufficient.  Plaintiff has failed to include factual allegations demonstrating that Defendant Campbell or any other individual took an adverse action against him because of his protected conduct and that such action chilled his exercise of his First Amendment rights.

**IV.    Conclusion and Recommendation**

Plaintiff's amended complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    __**June 10, 2026**__                  __/s/ Barbara A. McAuliffe__
                                                          UNITED STATES MAGISTRATE JUDGE